UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

INDIANA HOTEL EQUITIES, LLC,

          Debtor.
_____/

Case No. 18-45185

Chapter 11

Judge Thomas J. Tucker

INDIANA HOTEL EQUITIES, LLC,

          Plaintiff,

vs.

INDIANA AIRPORT AUTHORITY,

          Defendant.
_____/

Adv. Pro. No. 18-4307

**ORDER REMANDING REMOVED CASE(S) BACK TO STATE COURT**

This adversary proceeding is before the Court on the Court's own motion, and also on the motion for remand filed on July 10, 2018 by the Defendant Indiana Airport Authority (Docket # 2, the "Remand Motion").

On July 9, 2018, Plaintiff/Debtor Indiana Hotel Equities, LLC commenced this adversary proceeding by filing in this Court a notice of removal (Docket # 1, the "Removal Notice"), purporting to remove to this Court the following state court cases now pending in Indiana:

> *Indiana Hotel Equities, LLC v Indiana Airport Authority*, Marion Superior Court Indiana Trial Court No. 49D01-1707-PL-027076, Court of Appeals No. 18A-PL-00769

(Removal Notice at ¶ 1).

The purported removal is predicated on 28 U.S.C. § 1452(a). As the Defendant Indiana Airport Authority correctly argues in is Remand Motion, that statute required the Plaintiff/Debtor

to file its notice of removal in the "district court for the district where such civil action is pending." *See also* Fed. R. Bankr. P. 9027(a)(1) (same). That federal judicial district is the Southern District of Indiana. Thus, the removal notice had to be filed in the district court for the Southern District of Indiana. Instead the removal notice was filed in this district, the Eastern District of Michigan. Because the removal notice was filed in the wrong district, and because this defect was timely raised by the Defendant Indiana Airport Authority, this Court will remand the cases at issue. *See, e.g., Roberts v. Bisno* (*In re Bisno*), 433 B.R. 753, 758-59 (Bankr. C.D. Calif. 2010) (remanding removed case in this situation); *see also In re Newport Creamery, Inc.*, 275 B.R. 179, 182 (Bankr., D. R.I. 2002) ("striking" removal petition in this situation).

This remand will not preclude the Plaintiff/Debtor from filing a new notice of removal in the correct judicial district — *i.e.*, in the Southern District of Indiana. If that is done, the Court recognizes that such removed case might well end up back in this Court, by a transfer of venue, under, *e.g.,* 28 U.S.C. § 1412. But if that were to happen, the Court notes, for the information and benefit of the parties, that this Court would be strongly inclined to remand the case back to the Indiana state courts, based on equitable grounds under 28 U.S.C. § 1452(b), permissive abstention under 28 U.S.C. § 1334(c)(1), and possibly also based on mandatory abstention under 28 U.S.C. § 1334(c)(2) (if a timely motion for such mandatory abstention were filed). This Court's view is that the proper court to hear and decide the Plaintiff/Debtor's pending appeal clearly is the Indiana Court of Appeals; *not* this bankruptcy court.

Accordingly, and under 11 U.S.C. § 105(a) and 28 U.S.C. §§ 1447(c) and 1452(b),

IT IS ORDERED that these removed cases are remanded to the Marion County, Indiana Superior Court, and to the Indiana Court of Appeals, from which they purportedly were removed.

The Clerk of this Court will mail a certified copy of this order of remand to the clerk(s) of the state court(s).

**Signed on July 11, 2018**



/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**